#### UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROL MISSRY and HYMAN MISSRY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DONISI JAX, INC. d/b/a NATIONWIDE HEALTH ADVISORS,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY** |

Plaintiffs Carol Missry and Hymie Missry, by their undersigned counsel, for this class action Complaint against Defendant, Donisi Jax, Inc., doing business as Nationwide Health Advisors, and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter referred to as "Defendant"), allege as follows:

### I.     INTRODUCTION

1. <u>Nature of Action</u>.  Plaintiffs, individually and as a class representative for all others similarly situated, bring this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

2. Specifically, Defendant subjected Plaintiffs to unwanted calls after Plaintiff Carol Missry told Defendant not to contact her.

### II.     PARTIES

3. Plaintiffs Carol Missry and Hymie Missry reside in Brooklyn, New York.

4. Defendant is a Florida Corporation with its principal place of business in Pompano Beach, Florida.

### III.     JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

6.     This Court has personal jurisdiction over Defendant because it has submitted to the jurisdiction of New York by conducting business in New York and the wrongful acts alleged in this Complaint were directed to New York.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events at issue in this case occurred in this District.

### IV.     THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

8.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

10.     The TCPA also requires that telemarketers maintain internal lists of people who have requested not to be contacted in the future.  See 47 C.F.R. § 64.1200(d).

11.     Federal Communication Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

## V. FACTUAL ALLEGATIONS

12. Defendant holds itself out as a broker of health insurance plans.

13. Part of Defendant's strategy for increasing the volume of its customers involves the use of an automatic telephone dialing system ("ATDS") and/or automated or prerecorded messages to solicit business.

14. Defendant uses ATDS equipment and software that has the capacity to store or produce telephone numbers to be called and which includes auto-dialers and predictive dialers.

15. Defendant has failed to follow the required procedures for recording, maintaining, and/or following requests not to be called.

### A. Factual Allegations Regarding Plaintiffs

16. Plaintiffs own a cellular telephone which is billed to Hyman Missry.

17. Plaintiff Carol Missry contacted Defendant by telephone after viewing a post on social media advertising health insurance. Ms. Missry was interested in researching health insurance plans for her spouse, Plaintiff Hyman Missry.

18. After speaking with the Defendant, Ms. Missry decided she was not interested in Defendant's services.

19. Starting in approximately March 19, 2018 Plaintiffs began receiving telemarketing calls on their cellular telephone from, or on behalf of, Defendant.

20. On March 20, 2018, Plaintiffs received a voice message on their cellular telephone from the number 216.220.2915:

> **Hi this this is Richard again from the health and wellness _____ I made several attempts to reach you I know you're probably _____ health insurance brokers trust me I understand I'm not here to waste your time I just want to find you the best plan for your budget call me today my number is 855-254-4045 again that's 855-254-4045.**

21. The first time she spoke to a live representative of Defendant, on or about March 19, 2018, Ms. Missry asked the Defendant to stop calling her.

22. After Ms. Missry received more calls, she set up a customized automatic reply on her phone which told defendant to stop calling her. When a call would come in from Defendant, Ms. Missry would press a button on her screen which would send the "do not call" message to the Defendant.

23. Ms. Missry received numerous calls through April 20, 2018.

24. Ms. Missry received dozens of calls from Defendant after April 20, 2018.

25. Defendant is responsible for initiating the calls described above.

## VI.   CLASS ACTION ALLEGATIONS

26. <u>Class Definition</u>. Pursuant to FRCP 23(b)(2) and (b)(3), Plaintiffs bring this case as a class action on behalf of all persons in the United States who: (a) received more than one telemarketing call, initiated by Defendant and/or on Defendant's behalf; (b) promoting Defendant's goods or services; (c) more than 30 days after requesting not to receive further calls; (d) in a 12-month period; (e) on their cellular telephone or residential telephone line; (f) at any time in the period that begins four years before the date of filing this Complaint to trial. Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

27. <u>Numerosity</u>. The Class is so numerous that joinder of all members is impracticable. On information and belief, the Class has more than 1,000 members. Moreover, the disposition of the claims of the Class in a single action will provide substantial benefits to all parties and the Court.

28. <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiffs and members of the Class.  These common questions of law and fact include, but are not limited to, the following:

    a. As to Plaintiffs and the Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated 47 C.F.R. § 64.1200(d) by initiating any call for telemarketing purposes to Plaintiffs and members of the Class without following procedures for maintaining a list of persons who request not to receive telemarketing calls;

    b. As to Plaintiffs and the Class, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A), thus entitling Plaintiffs and the Class to treble damages;

29. <u>Typicality</u>.  Plaintiffs' claims are typical of the claims of the Class.  Plaintiffs' claims, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

30. <u>Adequacy</u>.  Plaintiffs will fairly and adequately protect the interests of the Class.  Plaintiffs have retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so.  Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

31. <u>Predominance</u>.  Defendant has engaged in a common course of conduct toward Plaintiffs and members of the Class.  The common issues arising from this conduct that affect Plaintiffs and members of the Class predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

32. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims and class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

33. <u>Injunctive and Declaratory Relief Appropriate</u>. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis. Moreover, on information and belief, Plaintiffs alleges that the conduct complained of herein is substantially likely to continue in the future if an injunction is not entered.

## FIRST CLAIM FOR RELIEF
### (Violations of 47 C.F.R. § 64.1200(d) & 47 U.S.C. § 227(c)(5))
### Internal Do-Not-Call List

34. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

35. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(d), by initiating any call for telemarketing purposes to Plaintiffs and members of the Class, without following procedures for maintaining a list of persons who request not to receive telemarketing calls ("internal do-not-call list"). This includes Defendant's failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

36. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of 47 C.F.R. § 64.1200(d), Plaintiffs and members of the Class are entitled to an award of $500 in statutory damages for each and every call in violation of the internal do-not-call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

37. Plaintiffs and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## SECOND CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of 47 C.F.R. § 64.1200(d) & 47 U.S.C. § 227(c)(5))
### Internal Do-Not-Call List

38. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

39. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 64.1200(d), by initiating any call for telemarketing purposes to Plaintiffs and members of the Class without following procedures for maintaining a list of persons who request not to receive telemarketing calls.  This includes Defendant's failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

40. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's knowing and/or willful violations of 47 C.F.R. § 64.1200(d), Plaintiffs and members of the Class are entitled to an award of treble damages of up to $1,500 for each and every call in violation of the internal do-not-call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

41. Plaintiffs and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telemarketing calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Class, prays for judgment against Defendant as follows:

A. Certification of the proposed Class;

B. Appointment of Plaintiffs as representatives of the proposed Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiffs and the Class of damages, as allowed by law;

G. An award to Plaintiffs and the Class of attorneys' fees and costs, as allowed by law and/or equity;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VIII.   DEMAND FOR JURY

Plaintiffs demand a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 21st day of June, 2018.

/s/ Jason P. Sultzer

By: _____

THE SULTZER LAW GROUP, P.C.
Jason P. Sultzer, Esq.
Joseph Lipari, Esq.
Adam Gonnelli, Esq.
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com

Alan N. Walkow, Esq.
WALKOW LAW OFFICE
246 Monmouth Road
Oakhurst, New Jersey 07755
Tel: (732) 945-5250
Fax: (855) 783-1395
info@njnylawgroup.com

*Attorneys for Plaintiffs and the Proposed Class*